OPINION
PER CURIAM.
Petitioner, Budhi Yuniartoyo, seeks review of the Board of Immigration Appeals’ (“BIA”) final order of removal. For the following reasons, we will deny his petition.
*707 I.
Yuniartoyo is a native and citizen of Indonesia. He arrived in the United States on March 27, 2001 as a non-immigrant B-2 visitor, and stayed longer than permitted. As a result, he was placed in removal proceedings. See INA § 287(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B) ]. On December 17, 2003, Yuniartoyo applied for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”) on the ground that he would be persecuted by the Indonesian Democratic Party of Struggle (the “PDIP”) if forced to return to Indonesia.
At his removal hearing, Yuniartoyo testified that, before coming to the United States, he lived in Bekasi, Indonesia, where he worked as an entrepreneur. His wife and two children still live there. Yu-niartoyo stated that he was never a member of a political party, but did hold a volunteer position as a community leader.
Yuniartoyo told the court that in April 1999, two members of the PDIP approached and asked him to be a campaign manager for their party. According to Yuniartoyo, the men wanted him to help the organization recruit new voters for an upcoming election. When he refused, the men threatened him, warning that he would be killed if their party were elected to power in 2000. The men returned the next day and threatened him again. Yu-niartoyo testified that the PDIP did not contact him again after the incident in April 1999. However, in January 2001, a PDIP friend told him that his name was on the party’s blacklist. As a result, Yuniar-toyo applied for a visa to leave Indonesia.
Yuniartoyo testified that the PDIP ultimately won the 2000 election, but has since been removed from power. Nonetheless, he is afraid to return to Indonesia because his family has received inquires into his whereabouts, and the PDIP has branches in many locations. When asked why he did not submit an application for asylum sooner, Yuniartoyo stated that he was waiting for conditions at home to improve.
After the hearing, the Immigration Judge (“IJ”) denied Yuniartoyo’s applications for relief. First, the IJ found that his application for asylum was time-barred because he had failed to file it within one year of entering the United States, and had not presented any evidence to justify an exception to the one-year limitation period. See 8 U.S.C. § 1158(a)(2)(B), (D). The IJ further found that, even if Yuniar-toyo’s application had been timely, he failed to meet his burden of proof on his asylum claim. Specifically, the IJ found that the actions taken against Yuniartoyo were not sufficiently “imminent, menacing, [or] severe to constitute past persecution” or support an inference of future persecution. (IJ Oral Decision 20, citing Li v. Att’y Gen., 400 F.3d 157, 164 (3d Cir.2005)). For this reason, the IJ also denied Yuniartoyo’s application for withholding of removal. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(b). Finally, the IJ denied Yu-niartoyo’s claim for relief under the CAT on the ground that he had failed to show that it is more likely than not that he would be tortured if removed to Indonesia. See 8 C.F.R. § 208.16(c)(2); Silva-Rengifo v. Att’y Gen., 473 F.3d 58, 64 (3d Cir.2007).
Upon review, the BIA affirmed the IJ’s decision. The BIA agreed with the IJ that Yuniartoyo’s asylum application was untimely and that, in the alternative, he failed to establish eligibility for relief. The BIA also agreed with the IJ that Yuniar-toyo failed to meet his burden of proof on his withholding of removal and CAT claims. Yuniartoyo now appeals from the BIA’s order.
II.
We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a). We re *708 view the BIA’s decision for substantial evidence. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001). Under this standard, we will uphold the Board’s findings unless the evidence not only supports a contrary conclusion, but compels it. See id.
On appeal, Yuniartoyo argues that the BIA erred in concluding that: (1) the threats against him did not amount to past persecution; and (2) he failed to demonstrate that he had a well-founded fear of future persecution. Both of these arguments concern his asylum application. As noted above, however, the IJ and BIA determined that Yuniartoyo’s application for asylum was time-barred, and he does not challenge this determination on appeal.[1] Therefore, we will consider his first argument only insofar as a finding of past persecution could, in part, support his application for withholding of removal, and we will not consider his second argument.
Yuniartoyo argues that the BIA erred in concluding that the threats against him did not amount to persecution because “in a situation where the threats were death threats ... the severity and seriousness of the threats” renders them “persecutory by their very nature.” (Pet.Br.9.) We disagree. As we explained in Li, unfulfilled threats — even death threats — constitute persecution “in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.” 400 F.3d at 164 (internal quotation marks omitted); see, e.g., Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000) (holding that petitioner, a citizen of the Philippines, had not suffered past persecution where he had received repeated death threats but had lived in the Philippines for six years thereafter without meeting any harm, albeit with the aid of a personal bodyguard and some police protection); Boykov v. INS, 109 F.3d 413, 416-17 (7th Cir.1997) (holding that petitioner, a Bulgarian national, had not suffered past persecution even though he had faced repeated threats by Communist Party authorities, was warned by his boss, a Communist official, that he would lose his job or “something even worse could happen,” and was told by the police that it would be easy for them to “get rid of him”). Given that Yuniartoyo received only two isolated threats in 1999 and was able to remain at home for nearly two more years without meeting any harm, we conclude that substantial evidence supports the BIA’s finding that the threats described by Yuniartoyo do not constitute past persecution.
Accordingly, we will deny the petition for review.

. In any event, we lack jurisdiction to review the propriety of this determination. See 8 U.S.C. § 1158(a)(3); Jarhough v. Att’y Gen., 483 F.3d 184, 189 (3d Cir.2007).